IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NIDAL A. ALZURAQI**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-223-L** |
| | § | |
| **GROUP 1 AUTOMOTIVE, INC.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Quash and Motion for Protection from Notice of Deposition of David Sung, filed February 5, 2013. After carefully considering the motion and Defendant's response, and holding a hearing, the court **denies** Plaintiff's Motion to Quash and Motion for Protection from Notice of Deposition of David Sung. Mr. Sung shall present himself for deposition as herein ordered by the court.

In his motion, Plaintiff contends that Defendant's Notice of Intention to take the Deposition of David Sung on February 13, 2013, "is an attempt by Defendant to perform very late discovery" after the November 2012 discovery deadline has passed. Pl.'s Mot. 1. Plaintiff further asserts:

> [T]he Court should require Defendant to make a specific, documented showing that it attempted in good faith to procure Mr. Sung's testimony during the discovery period and that Defendant learned that Mr. Sung was not available in Texas at any reasonable time during that period. Defendant should not be permitted to perform late discovery based on a strategic whim. The Court should require a specific due diligence, factual showing by Defendant and should not allow Defendant to make this cooperative witness out to be more unavailable than he really was, to the prejudice of Plaintiff's pre-trial preparations.

*Id.* at 3.

On February 6, 2013, the court directed Defendant to file an expedited response to Plaintiff's motion to quash by February 11, 2013.  Defendant states in its response, which is supported by the declaration of Defendant's counsel Mauro Ramirez ("Ramirez"), that David Sung ("Sung") left Group I Automotive and moved to China before Plaintiff filed this lawsuit.  Ramirez states that Defendant did not have Sung's contact information at that time.  After Plaintiff testified during his deposition on October 2, 2012, regarding his interactions with Sung, Defendant included Sung's name in its November 7, 2012 initial disclosures although it still did not have Sung's contact information.

Defendant did not obtain Sung's contact information until December 27, 2012.  Defendant attempted to contact Sung but was not able to communicate with him until January 28, 2013.  During a telephone conversation, Sung indicated that he would be in Dallas, Texas, in mid-February 2013, but he would be in China in March 2013, when the trial of the case is scheduled.  Initially, Defendant intended to request Sung to appear for a video deposition before it learned that Sung would be in the United States in February 2013 and was willing to appear for a deposition at that time.  Ramirez states that the following morning after speaking with Sung, he informed Plaintiff regarding Sung's availability to be deposed in February 2013 for trial perpetuation purposes.  Plaintiff confirmed that he was available on February 13, 2013, and did not object to the deposition until after it was noticed by Defendant.

For support that the noticed deposition of Sung is appropriate for trial perpetuation purposes, Defendant cites *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982).  As correctly noted by Defendant, the Fifth Circuit in *Charles* concluded that the district court erred in denying a party the opportunity to depose a witness, who was unavailable for trial after the discovery period had ended, because the

**Memorandum Opinion and Order – Page 2**

witness's testimony was not sought for discovery purposes but instead as a means of introducing the unavailable witness's testimony at trial.  665 F.2d at 664. The court explained, "A party to a lawsuit obviously is entitled to present his witnesses. The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear [the] testimony." *Id*.

Because Defendant seeks to depose Sung as a means of introducing his testimony at trial and not for discovery purposes, and it is undisputed that Sung will not be available to testify at the trial of this case, the court determines that Defendant should be permitted to depose Sung for trial perpetuation purposes.  Further, other than Plaintiff's conclusory allegations that the deposition will affect his pretrial preparation, he fails to state how he will be prejudiced by such a deposition; however, if the deposition reveals matters or witnesses of which Plaintiff was not aware and needs additional time to develop, the court, upon motion, will consider the matters and enter an order as appropriate.

Accordingly, Plaintiff's Motion to Quash and Motion for Protection from Notice of Deposition of David Sung is **denied.**  The court hereby lifts its stay of David Sung's deposition.  The deposition of Mr. Sung shall proceed on its originally scheduled date, **February 13, 2013**, at a time agreeable to the parties.  The deposition shall not exceed **three hours**, each side being limited to 90 minutes, excluding time for any breaks taken during the deposition.

**It is so ordered** this 12th day of February, 2013.


Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 3**